ment to Curley, the owner and holder of the note, by Ella Ford, the debtor, of the full amount of the note.

---

**Dominick F. Curley, Trustee, Defendant in Error, v. Ella R. Ford et al., Defendants in Error, and John Kause et al., Plaintiffs in Error.**

**Gen. No. 15,673.**

PLEADINGS—*when contracts inadmissible.* Where contracts are sought to be made the basis of relief prayed they must be rendered relevant by suitable allegations contained in the bill of complaint.

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and remanded. Opinion filed March 14, 1912.

**Statement by the Court.** This is a companion case to No. 15672 between the same parties, in which an opinion is rendered at this term of court. *Ante,* p. 525. The facts in the two cases are very nearly the same. In this case the trust deed made by Ella Ford and husband to Dominick F. Curley, trustee, is dated April 19, 1907, and was given to secure a note of same date, made by the same parties, for $1,224, due on or before two months after date.

JOHN W. BURDETTE, for plaintiffs in error.

E. A. ABORN, for defendants in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

This decree must be reversed for the same reasons that are given in a similar suit between the same parties, No. 15672, decided at the same time with this. There is only one difference in this case requiring any comment in addition to what we said in our opinion in the other case. In the case at bar some attempt is made to show the terms of the trust by which Ella Ford held title to the premises. The bill alleges "that said Ella R. Ford held the title to the premises aforesaid described in trust for herself and one John Kause, as will more fully appear from an agreement between said John Kause and Charles C. Ford, agent for said Ella R. Ford, ready to be produced in court on the hearing hereof." Also, "that said John Kause and Ella R. Ford have agreed upon a division of the premises aforesaid, and that said Ella R. Ford shall have and hold Lots 23, 24 and 27 aforesaid, and that John Kause shall have and hold Lots 25 and 26 aforesaid, as will more fully appear from an agreement between said John Kause and Charles C. Ford, agent for said Ella R. Ford, ready to be produced in court."

Under these allegations there were introduced in evidence two written agreements, both between Charles C. Ford and John Kause. By the first agreement, dated December 6, 1906, Charles C. Ford and John Kause agreed to co-operate in buying and moving five houses on Canal and other streets to Emerald avenue, between 31st and 32nd streets, Charles Ford to furnish the money and then to make first mortgage on said property. Said lots were to be used to reimburse said Ford for all money and expenses in buying and moving said houses and buying lots; the equities in the houses to be divided by agreement, Ford to have three-fifths and Kause two-fifths. It was also agreed if loans could not be placed on said houses for enough to reimburse Ford for all money expended by

him in buying said houses and lots and moving said houses, and all expenses, each would pay their proportionate share of any deficiency thereof.

The second agreement, dated April 10, 1908, between the same parties refers to the prior agreement of December 6, 1906, as an agreement to improve the lots in question, and therein it is stipulated that said premises should be divided,—the share of said Charles C. Ford to be three-fifths and the share of the said John Kause to be two-fifths. It was further agreed that Charles C. Ford should receive lots 23, 24 and 27, and John Kause should receive lots 25 and 26; also "that the said lots shall bear their proportionate share of the costs of said premises, including all improvements thereon as may be determined in the suit heretofore filed in the Circuit Court of Cook county, Illinois, General No. 281614, Charles C. Ford and Ella R. Ford, complainants, and John Kause and Anna F. Kause, defendants."

There is nothing in either of these agreements concerning Ella Ford's connection with this property, nor anything disclosing what were her duties and powers under the trust agreement, by which she held title. There is no testimony offered nor any evidence on this point. This last agreement refers to a suit apparently then pending in the Circuit Court, which was to determine the proportionate share of the costs of said premises; but no evidence of such suit is offered, nor have we any knowledge from the record of what, if anything, was done in that suit. We fail to see how these agreements were relevant to any allegation contained in the bill. They may disclose some basis for a proceeding seeking an accounting between Charles C. Ford and John Kause, but certainly nothing touching the allegations of Curley, as trustee, the complainant in this foreclosure proceeding. The general prayer for an accounting in a bill to foreclose a trust deed, with no cross-bill seeking relief, does not entitle one

# CHICAGO—FIRST DISTRICT—MARCH, 1912.  533

defendant to a judgment against a co-defendant, where the bill alleges no facts creating any obligation of one to the other.

Holding, as we do, that these agreements are irrelevant and inadmissible under any of the allegations of the bill, the suit is controlled by the same reasoning and authority as is the companion suit to this. Here, as there, it appears that Ella Ford, the maker of the note, took it from the holder and owner, Curley, for its face value, with interest. This, in our opinion, extinguishes the debt and the lien of the trust deed upon the premises in question. For a statement of our reasons and authorities, we refer to our opinion in the other case between the same parties, No. 15,672.

The decree is reversed and the cause remanded, with instructions to dismiss the bill for want of equity.

*Reversed and remanded.*